No. 693
HIXOM LUMB. CO. v. BARKER
Ohio Appeals, 6th Dist., Lucas Co.
No. 1561. Decided June 8, 1925

940. POWER OF ATTORNEY—When one is executed in connection with fire insurance policy, benefits to accrue and liability assumed, it is to be measured from period of time embraced in the policy, rather than its date when power of attorney is executed subsequent to policy.

647. INSURANCE—When policy of fire, issued in different state, business being carried on in said state, cannot be considered to have been transacted in Ohio.

RICHARDS, J.

Wendell Barker brought an action against the Robert Hixom Lumber Co. in the Toledo Municipal Court for a sum of money claimed to have been its share of the losses during the existence of a fire insurance policy held by it in the Lumber Manufacturer's Inter-Insurance Association, of which Barker was Deputy Attorney-in-fact.

The association was unincorporated and organized for the purpose of interchanging fire insurance among its members. Barker contended that the Lumber Co. became a member of the Association and as such agreed to pay its proportionate share of all losses sustained by said association on contracts of insurance with other members of the association.

The case was appealed from the Municipal Court to the Lucas Common Pleas where a jury was waived and judgment for $274.60 was rendered in favor of Barker.

The case was brought to the Court of Appeals and the Lumber Co. there contended that Barker did not, in the trial court, establish his case by a preponderance of the evidence; that the losses charged against it were not proper items under a power of attorney dated June 27, 1918, and that Barker was not authorized to do business in the State of Ohio.

The power of attorney executed by the Lumber Co. contained a clause:—"The powers herein conferred upon said attorney, may at any time be deputed by them to any other person they may select, subject to the written approval of the majority of said committee." It was contended that the different transfers culminating in power of attorney coming into Barker's hands, were not sufficiently shown by the evidence. The Court of Appeals held:

1. The trial in the Common Pleas was conducted pursuant to a stipulation signed by the parties, by the terms of which it was agreed that the case should be submitted to the court upon the pleadings, depositions, interrogatories and answers thereto, the policy and transcript and original papers from the Municipal court.

2. The papers to which reference has been made come within the terms of the stipulation and were received in evidence without objection or exception. They show a proper appointment and approval of Barker to the position he claims to hold.

3. The benefits to accrue to the Lumber Co. and the liability assumed by it must be measured by the period of time embraced in the policy rather than by the date of the power of attorney. The evidence discloses the liability of the Lumber Co. for its proportionate share of all losses occurring during the term the policy was in force.

4. Section 665 GC. does not apply in the instant case for the reason that no office was maintained in Ohio, nor was the business of insurance engaged ·in directly or indirectly in Ohio. The policy was issued in New York City and all of the business was carried on there and under the evidence the business cannot be considered to have been transacted in Ohio. Judgment affirmed

Attorneys—Kirkbride, McCabe & Boesel for Lumber Co.; Geddes, Schmettau, Williams, Eversman & Morgan for Barker; all of Toledo.